{¶ 53} I concur in the decision of my colleagues, but I write separately to stress my concerns. First, I acknowledge that this was an extremely difficult decision for the trial court. Second, it is clear from the record that the trial court considered the detailed testimony of numerous witnesses and thoughtfully reached its conclusion. I am troubled, not by the emphasis placed by the court below upon the financial disparities between the interested parties, but rather the emphasis placed by the Foster Parents on such a consideration. *Page 25 
 {¶ 54} I do not doubt for a moment that the Foster Parents genuinely love R.R. I applaud their successful efforts in providing for her a safe, secure and nurturing environment. They serve as standard bearers in that regard in opening their homes and their hearts to a child in need. However, Mother, despite poor choices, psychological issues beyond her control, lack of education and job skills, loves R.R. as well. She traveled an immeasurable distance in an effort to change her life. She was asked to attend and complete psychological counseling; she did so. She was asked to refrain from unlawful activity; she did so. She was asked to maintain appropriate housing and suitable employment, and to the best of her ability, she did so. She completed every aspect of the reunification plan that was proposed by CSB, and having done so, was told it was not enough.
 {¶ 55} I appreciate the multitude of factors that must be considered. I believe the trial court painstakingly reviewed each and cautiously arrived at its conclusion. My concern is that neither the Foster Parents nor Mother walks away from this decision believing that financial status determines custody. It does not. The Foster Parents, perhaps in their zeal to provide the best environment for R.R. that they possibly could, appeared to throw money in the face of Mother who was struggling financially. The tenor of their letter to Mother was quite unsettling. Having a birthday party with 150 guests to celebrate a one year old child hardly factors into a best interest determination. One of the truly important considerations was that the Foster Parents were willing to include Mother in *Page 26 
R.R.'s life and Mother's attitude as to the Foster Parents was not reciprocal. While Mother's attitude is not surprising given the emphasis the Foster Parents placed on the disparity of financial resources, it would be a tragic mistake to separate R.R. from those she has known as parents virtually all of her life.
 {¶ 56} In light of the totality of the evidence, I am not inclined to say that the trial court abused its discretion in granting legal custody to the Foster Parents. Accordingly, I concur in the decision of the majority. *Page 1